UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

ROBIN A. PRATT OSENBACH,                         :
                              Plaintiff,         :          No. 5:14-cv-5800
                    v.                           :
                                                 :
ALLSTATE FIRE AND CASUALTY INS. CO.,             :
                              Defendant.         :

---

**MEMORANDUM**

**Plaintiff's Motion to Remand, ECF No. 3- Granted**

**Joseph F. Leeson, Jr.**                                    **September 25, 2015**
**United States District Judge**

## I.      INTRODUCTION

This action arises out of a motor vehicle accident resulting in fatal injuries to David H.

Osenbach, Sr.  Plaintiff filed a declaratory judgment action in the Berks County Court of

Common Pleas, seeking a declaration that the Rejection of Underinsured Motorist Protection is

void and that underinsured motorist coverage is available to Plaintiff under Defendant's

insurance policy.  Defendant removed the action to this Court based on diversity jurisdiction.

Presently before the Court is Plaintiff's Motion to Remand.  For the reasons set forth herein,

Plaintiff's Motion is granted.

## II.     BACKGROUND

On September 12, 2014, Plaintiff, individually and as the Administrator of the Estate of

of David H. Osenbach, Sr., filed a complaint in the Berks County Court of Common Pleas.

Compl., Ex. A, ECF No. 1.  Plaintiff alleges that on March 15, 2013, her husband David H.

Osenbach, Sr., was driving her vehicle when he was struck by an underinsured motorist.  Id. ¶¶

6-7.  Mr. Osenbach was pronounced dead on the scene.  Id.  Plaintiff alleges that the vehicle

1

driven by Mr. Osenbach was covered by an automobile insurance policy issued to him and his

wife by Defendant.  Id. ¶ 9.  The Complaint alleges that the other driver, who was at fault in the

accident, had a motor vehicle insurance policy through Progressive in the amount of

$25,000/$50,000.  Id. ¶ 11.  Plaintiff alleges that the value of her claim greatly exceeds $25,000,

and that Mr. Osenbach was an underinsured motorist at the time of the accident.  Id. ¶ 12.

Plaintiff alleges that Defendant has taken the position that its policy does not afford underinsured

motorists coverage to Plaintiff based on a rejection of such coverage signed by Mr. Osenbach in

2009.  Id. ¶¶ 13-14.  Plaintiff contends that there was only a minor reference in the Renewal

Declarations that "you have rejected underinsured motorists insurance," which is not in

compliance with the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL").  Id.

¶¶ 15-16, 27.  Plaintiff further alleges that the Rejection of Underinsured Motorist Protection

form utilized in the policy fails to comply with Section 1731 of the MVFRL.  Id. ¶¶ 16-27.

Additionally, Plaintiff alleges that Mr. Osenbach did not waive coverage providing stacking of

underinsured motorist coverage.  Id. ¶ 24.  For relief, Plaintiff asks the Court to enter judgment

declaring that the Rejection of Underinsured Motorist Protection is void pursuant to Section

1731 of the MVFRL, and that underinsured motorist coverage is available to Plaintiff under

Defendant's insurance policy.  Id. 10.

 Defendant filed a Notice of Removal to this Court on October 10, 2015, asserting that

this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Def. Not. Removal, ECF No.

1 (citing 28 U.S.C. § 1441(a)).[1]  On November 3, 2015, Plaintiff filed a Motion to Remand

pursuant to 28 U.S.C. § 1447(c).  Pl. Mot., ECF No. 3.  Plaintiff argues that under the

---

[1] "[A]ny civil action brought in a State court of which the district courts of the United States
have original jurisdiction, may be removed by the defendant or the defendants, to the district
court of the United States for the district and division embracing the place where such action is
pending."  28 U.S.C. § 1441(a).

Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, a federal court "*may* declare the rights

and other legal relations of any interested party seeking such declaration . . . ." Id. (quoting 28

U.S.C. § 2201 (emphasis added)).  Plaintiff submits that in deciding whether to exercise

jurisdiction of declaratory judgment actions, the federal courts should "consider the state interest

in having the state courts determine questions of state law."  Pl. Mot. ¶¶ 12-13 (quoting State

Auto Ins. Co. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001) (holding that "[d]ecisions in

declaratory judgment actions must yield to considerations of practicality and wise judicial

administration," and the "desire of insurance companies and their insureds to receive

declarations in federal court on matters of purely state law has no special call on the federal

forum") (internal quotations omitted)).  Plaintiff asserts that this Court should decline to exercise

jurisdiction because there is no federal interest in this case and the issues only involve state law.

Id. ¶¶ 14-16 (citing Atl. Mut. Ins. Co. v. Gula, 84 Fed. Appx. 173, 174 (3d Cir. 2003) (explaining

that "federal courts should hesitate to entertain a declaratory judgment action where the action is

restricted to issues of state law"); Rinkenbach v. State Auto Ins. Co., No. 07-0870, 2007 U.S.

Dist. LEXIS 33141 (E.D. Pa. May 4, 2007) (remanding the declaratory action to state court

because the dispute focused exclusively on a state statute, the MVFRL)).

In its Response filed on November 13, 2014, Defendant asserts that it satisfies the three

relevant considerations articulated by the Third Circuit Court of Appeals in Summy regarding

when district courts should exercise discretionary jurisdiction under the DJA.  Def. Resp. ¶ 13

and Mem. (citing Summy, 234 F.3d 131).  In Summy, the Court suggested three considerations

for the district courts when deciding whether to exercise diversity jurisdiction over declaratory

judgment actions involving insurance coverage issues:

1. A general policy of restraint when the same issues are pending in a state court;

2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;

3. Avoidance of duplicative litigation.

Summy, 234 F.3d at 134 (citing Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942); United States v. Pennsylvania, Dep't of Envtl. Resources, 923 F.2d 1071 (3d Cir. 1991)).  Defendant, noting that there are no parallel actions pending in the Pennsylvania courts, contends that when the Third Circuit Court of Appeals revisited the issue of discretionary jurisdiction under the DJA in Reifer, it held that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction." Reifer v. Westport Ins. Corp., 751 F.3d 129, 144 (3d Cir. 2014).  Defendant argues that an analysis of the eight-factor test established in Reifer also weighs in favor of this Court exercising jurisdiction.  Def. Mem. (citing Scottsdale Ins. Co. v. RSE Inc., 303 F.R.D. 234, 237 (E.D. Pa. 2014) (exercising jurisdiction of the declaratory judgment action in which the insurer sought a declaration that it had no duty to defend or indemnify)).

## III.   STANDARD OF REVIEW

The Declaratory Judgment Act ("DJA") provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party. . . ."  28 U.S.C. § 2201 (emphasis added).  See also Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) (The Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.").  The United States Supreme Court held that where "the District Court ha[s] jurisdiction of the suit under the Federal Declaratory Judgments Act, it [is] under no compulsion to exercise that jurisdiction." Brillhart, 316 U.S. at 494.  "This is an exception to the general rule that 'federal courts have a strict duty to exercise

the jurisdiction that is conferred upon them by Congress.'" Reifer, 751 F.3d at 134-35 (quoting

Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996)).

"The Supreme Court and [the Third] Circuit have long noted the importance of pending

parallel state proceedings as a consideration in a district court's exercise of jurisdictional

discretion under the DJA." Reifer, 751 F.3d at 143. Although "the existence or non-existence of

pending parallel state proceedings is but one factor for a district court to consider," "the absence

of pending parallel state proceedings militates significantly in favor of exercising jurisdiction,

although it alone does not require such an exercise." Id. at 145. "[D]istrict courts declining

jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state

proceedings is outweighed by opposing factors." Reifer, 751 F.3d at 144. The Third Circuit

Court of Appeals established a non-exhaustive list of factors for district courts to consider in

deciding whether to exercise jurisdiction under the DJA that includes:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of
> obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural
> fencing, or as a means to provide another forum in a race for res judicata; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's
> duty to defend in a state court and its attempt to characterize that suit in federal
> court as falling within the scope of a policy exclusion.

Am. Home Assur. Co. v. Global Constr. Co., LLC, No. 14-07319, 2015 U.S. Dist. LEXIS

110378, at *5-6 (E.D. Pa. Aug. 19, 2015) (citing Reifer, 751 F.3d at 140).

IV.     ANALYSIS

Initially, this Court finds that it does have diversity jurisdiction over the matter pursuant

to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of

5

different states.  See Compl. ¶¶ 1-3, 25; Not. Removal ¶¶ 3-4.  Accordingly, this Court, noting

the absence of any parallel state court proceedings, will consider whether it should exercise that

jurisdiction.

As to the first Reifer factor, a final decision by this Court *or by the state court* "will

resolve the uncertainty of obligation which gave rise to the controversy."  See Allstate Ins. Co. v.

Moyer, No. 3:14cv1992, 2015 U.S. Dist. LEXIS 31314, at *6-7 (M.D. Pa. Mar. 13, 2015)

(concluding that "any declaration by this court or the state court will resolve the uncertainty of

the obligation which gave rise to the controversy," but finding that the "risk of this court making

findings of fact that conflict with the eventual findings of the state court adds to the uncertainty

of the matter [] and militates against the exercise of federal jurisdiction").  As there are no

parallel state court proceedings, this factor is neutral.

Next, although Defendant contends that factor two, "the convenience of the parties,"

weighs in its favor as this matter is already in federal court, this Court finds that because the

parties have not yet engaged in discovery, there has been no other litigation in this matter, and

there are no pending motions, retaining jurisdiction on this basis will not be any more or less

convenient for the parties.  The case relied upon by Defendant, Scottsdale Ins. Co., which

concluded that because "the parties are already before us . . . convenience weighs in favor of

exercising our jurisdiction," is distinguishable because that case was originally filed in the

district court and the district court was considering whether to exercise jurisdiction in the context

of a motion to dismiss.  See Scottsdale Ins. Co., 303 F.R.D. 234.  Additionally, Plaintiff resides

in Berks County, where this suit originated, the accident occurred in Berks County, and it

appears that the insurance contract at issue was signed and/or issued in Berks County.  See

Compl. and Exs. A-C, ECF No. 1 (listing Lorgia Cicmansky in Reading Pennsylvania, as

Plaintiff's Allstate agent on top of the insurance policy documents).  This Court is located in

relatively close proximity to the Berks County Court of Common Pleas; therefore, the

"convenience of the parties" consideration is either neutral or weighs in favor of remand.

Factor three does not support retaining jurisdiction because there is no "public interest" in

this case.  See Moyer, 2015 U.S. Dist. LEXIS 31314 at *7 (finding that factor three weighs in

favor of declining jurisdiction because "while the public has great interest in the law governing

[insurance] contracts in general, no pressing public interest in this particular dispute exists");

1100 Adams St. Condo. Ass'n v. Mt. Hawley Ins. Co., No. 14-2203, 2014 U.S. Dist. LEXIS

147145, at 16 (D.N.J. Oct. 15, 2014) (concluding that "there does not appear to be any

significant public interest at stake in resolving this case—and more specifically, there is no

federal interest involved in this case, since it concerns purely questions of state law [therefore

this] factor does not support retention of jurisdiction").

As to the fourth factor, "the availability and relative convenience of other remedies,"

there are no other remedies aside from deciding the matter here or remanding the case to the state

court for determination; therefore, this factor does not impact this Court's determination as to

whether to exercise jurisdiction.

There are no other state court proceedings; thus, factors five and six are inapplicable.

Factor seven directs this Court to consider "prevention of the use of the declaratory action

as a method of procedural fencing, or as a means to provide another forum in a race for res

judicata."  "The object of the statute [the Federal Declaratory Judgment Act] is to afford a new

form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal

courts the adjudication of causes properly cognizable by courts of the states."  Travelers Ins. Co.

v. Davis, 490 F.2d 536, 543 (3d Cir. 1974) (internal quotations omitted).  See also  Mut. Pharm.

Co. v. Goldman, No. 12-0815, 2012 U.S. Dist. LEXIS 92940, at *8 (E.D. Pa. July 3, 2012)

(explaining that limiting who may remove an action under 28 U.S.C. § 1441 is based on "the

long-accepted practice of deferring to the Plaintiff's choice of forum by treating the Plaintiff as

master of his own complaint, as well as the principle that removal statutes are to be strictly

construed against removal and all doubts . . . resolved in favor of remand") (internal quotations

omitted).  Other than alleging that it has satisfied the Reifer factors to allow this Court to

exercise jurisdiction, Defendant fails to provide any reason why this Court should exercise

jurisdiction.  Cf. Am. Home Assur. Co., 2015 U.S. Dist. LEXIS 110378 at *11-12 (finding that

"American Home further states that it chose this forum for other substantive and procedural

reasons" and accepting those reasons to conclude that the seventh Reifer factor merits no further

analysis); Westfield Ins. Co. v. Icon Legacy Custom Modular Homes & Icon Legacy, No. 4:15-

cv-00539, 2015 U.S. Dist. LEXIS 99214, at *13-14 (M.D. Pa. July 30, 2015) (finding "no

suggestion in this case that procedural fencing or forum selection played any role in Westfield

choosing this venue to litigate its concerns" as it appeared that venue was chosen due to the fact

that Icon's principal place of business is within the jurisdiction of the District Court for the

Middle District of Pennsylvania).  Accordingly, the seventh factor weighs in favor of remand.

The eighth Reifer factor is not implicated because this action does not raise Defendant's

duty to defend.

Significantly, the eight factors described in Reifer are not an exhaustive list.  "[C]ourts

have held that the plaintiff's objections to federal court jurisdiction -- such as we have here -- is

another factor in favor of remand."  Weilacher v. State Farm Mut. Auto. Ins. Co., No. 10-1401,

2010 U.S. Dist. LEXIS 121124, at *13-14 (W.D. Pa. Nov. 16, 2010) (citing Rinkenbach v. State

Auto Ins. Co., CA No. 07-870, 2007 U.S. Dist. LEXIS 33141, * 10 (E.D. Pa. May 4, 2007)).

Consequently, this consideration weighs in favor of remand.

Moreover, "[i]n cases which revolve solely around state law issues, federal courts should

hesitate to entertain such actions." Weilacher, 2010 U.S. Dist. LEXIS 121124 at *10 (remanding

the matter, despite the absence of parallel state proceedings, in which the plaintiffs asked the

court to interpret the insurance policy to determine whether coverage for two vehicles should be

stacked). The district courts "are loath to exercise declaratory jurisdiction where the sole issue in

controversy neither presents any federal question nor promotes any federal interest." Moyer,

2015 U.S. Dist. LEXIS 31314 at *8 (determining that a state court can just as easily decide

whether the plaintiff owes any liability coverage under the insurance policy, applying well-

settled principles of Pennsylvania law, "and there is no need to resort to a federal forum"). In

refusing to exercise jurisdiction over a declaratory judgment action, one district court recently

explained:

> Importantly, the issues of insurance coverage and defense in this case present no
> federal question, nor do they promote any federal interest. Indeed, this action
> presents the common case of an insurance company coming to federal court,
> under diversity jurisdiction, to receive declarations on purely state law matters.
> This weighs heavily against the Court exercising jurisdiction over this declaratory
> judgment action. In addition, the state's interest in determining issues of state law
> also weighs against exercising jurisdiction in declaratory judgment actions.

Encompass Ins. Co. of Am. v. Connelly, No. 15-737, 2015 U.S. Dist. LEXIS 74993, at *5 (W.D.

Pa. June 10, 2015) (finding that "this dispute is not governed by federal law," "there are no

federal interests at stake," the "state law to be applied is well settled," and the "rules that the state

court system is more than capable of resolving this dispute in accordance with its own law").

Here, this Court will not simply have to interpret an insurance contract to determine

coverage, but must decide whether that contract and the rejection of underinsured motorist

9

coverage are void under a state statute. Where a "determination would rest solely on an interpretation of the Pennsylvania MVFRL, and would not implicate any federal laws or rights," there is "no special call on the federal forum." Alisha L. Ford v. Am. States Ins. Co., No. 13-1211, 2014 U.S. Dist. LEXIS 8184, at *3-4 (W.D. Pa. Jan. 23, 2014) (concluding "that state court is the more appropriate forum to answer the question presented in this declaratory judgment action," which was whether the rejection of Underinsured Motorist Coverage was invalid under section 1731 of the MVFRL (citing Summy, 234 F.3d 131)). Consequently, this Court concludes that there is no federal interest in this case. See Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 U.S. Dist. LEXIS 35511, at *8 n.1 (E.D. Pa. Apr. 24, 2009) ("The fact that there is no parallel declaratory judgment state court proceeding pending in this case is not determinative and is outweighed by the lack of any federal interest in this dispute."); Dixon v. Progressive Northern Ins. Co., No. 2:08cv1010, 2008 U.S. Dist. LEXIS 65594, at *6-7 (W.D. Pa. Aug. 27, 2008) (finding that the absence of a parallel state court proceeding is not determinative and "is clearly outweighed by the lack of any federal interest in this case").

## V.      CONCLUSION

For the reasons discussed herein, the lack of pending parallel state proceedings is outweighed by opposing factors and the matter is remanded to the Berks County Court of Common Pleas.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

10